**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RANDALL THOMAS McARTY
ADC #101565                                                                                                  PLAINTIFF

V.                                       NO: 5:06CV00229 WRW/HDY

CORRECTIONAL MEDICAL
SERVICES INC. *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

 1. Why the record made before the Magistrate Judge is inadequate.
 2. Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the

       hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

An evidentiary hearing was held in this case on May 5, 2008. Following the presentation of testimony and exhibits by the parties and witnesses, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### **I. Facts**

Plaintiff appeared in person, and testified, as did Defendant Roland Anderson, who is the only Defendant, other than Correctional Medical Services, Inc. ("CMS"). Also testifying by phone were physicians Peter Han, and Larry Bowler, both of whom treated Plaintiff for his urinary difficulties. Neither Han nor Bowler is a current CMS employee.

Plaintiff was having problems with frequent urination, and difficulty urinating, in 2005 and early 2006, while he was incarcerated at the Arkansas Department of Correction's Tucker Maximum Security Unit. Plaintiff believed his problems could be the result of an enlarged prostate.

Examinations by Bowler, a unit physician at the time, were essentially normal, but, because of Plaintiff's persistent complaints, and Bowler's inability to detect any physical abnormalities, Bowler eventually referred Plaintiff to Han, a outside urologist. Han saw Plaintiff twice, on November 8, 2005, and February 14, 2006. When Plaintiff first saw Han, he was already taking Hytrin, a "formulary" medication, but was complaining of side effects.[1] Han's evaluation included performing a cystoscopy, which showed no enlarged prostate or other abnormalities. After the first visit, Han recommended decreasing Hytrin to 5 mg, and adding 5 mg of Proscar, a non-formulary medication. However, Anderson would not approve the Proscar, finding that there was no evidence it was medically necessary.[2] At the second visit, Han prescribed only the Hytrin, because Plaintiff's condition had improved with the reduced Hytrin dosage.

## II. Analysis

The only issue in the case is whether Anderson's denial of Proscar amounted to deliberate indifference to Plaintiff's serious medical needs. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.

---

[1] Formulary medications are those medications on a list, compiled by a group of medical professionals, which have been recommended for various conditions as a first option. Non-formulary medications may also be recommended and given to inmates, but such medications must be approved by Anderson. Anderson testified that the ultimate decision on patient care rests with the treating physician, and that if he initially denies the non-formulary medications, the physician may call him with his opinion that the medication is necessary. According to Anderson, such situations happen frequently, and non-formulary medications are frequently given to inmates.

[2] At the time, Plaintiff had also had a normal intravenous pyelogram, in addition to Han's evaluation.

*Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Plaintiff believed that Han prescribed the Proscar to treat an underlying condition of an enlarged prostate, and that the Hytrin only treated his symptoms of difficulty urinating.  However, Han testified that he prescribed the Proscar only for the urinary symptoms, not for an enlarged prostate.  Indeed, Han's examination revealed no enlarged prostate.  Bowler and Anderson both testified that Proscar and Hytrin treated urinary symptoms, and can have the effect of shrinking the prostate itself, if in fact the prostate is enlarged.  Thus, there is no medical evidence indicating that Plaintiff's being provided with only Hytrin was unsound medically.  Additionally, as discussed above, Han, a urologist, did not prescribe Proscar the second time he saw him, because Plaintiff's condition had improved on Hytrin.

It is clear from the evidence presented at the hearing that Defendants were not deliberately indifferent to Plaintiff's medical needs.  Although Anderson did deny the Proscar that Han recommended after his first consultation, Plaintiff's condition was treated with a medication that all testifying physicians believed to be appropriate for his condition.  The medication that Plaintiff was prescribed was effective to relieve his urinary symptoms.  Plaintiff had multiple evaluations, sophisticated testing, and there is no evidence of grossly incompetent or inadequate medical care.  At most, the Court is left with a disagreement with medical care between Han and Anderson, which,

as discussed above, is not actionable.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___8___ day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE